UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

In re:

      BEAULIEU GROUP, LLC, *et al.*,

          Debtor.

_____/

Case No. 17-41677
Chapter 11
Hon. Mary Grace Diehl

**NOTICE OF
EMPLOYEE HEALTH INSURANCE MANAGEMENT, INC.'S ("EHIM")
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
WITH RESPECT TO EHIM'S SECURITY DEPOSIT
UNDER 11 U.S.C. § 362(d)(1) AND (d)(2) ("STAY LIFT MOTION")**

**PLEASE TAKE NOTICE** that Employee Health Insurance Management, Inc. has filed its **Motion for Relief from the Automatic Stay With Respect to EHIM's Security Deposit Under 11 U.S.C. §362(d)(1) AND (d)(2)** (the "Motion") and related papers with the Court seeking an order for relief from the automatic stay to set off its security deposit against post-petition amounts owed to EHIM.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in **Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 at 10:00 a.m. on December 5, 2017**. Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is

{00706609.4}

Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: November 13, 2017.

/s/ Will B. Geer
Will B. Geer
Georgia Bar No. 940493
Wiggam & Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
P: 678-587-8740
F: 404-287-2767
wgeer@wiggamgeer.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

In re:

          BEAULIEU GROUP, LLC, *et al.*,

               Debtor.

_____/

Case No. 17-41677
Chapter 11
Hon. Mary Grace Diehl

**EMPLOYEE HEALTH INSURANCE MANAGEMENT, INC.'S ("EHIM")
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
WITH RESPECT TO EHIM'S SECURITY DEPOSIT
UNDER 11 U.S.C. § 362(d)(1) AND (d)(2) ("STAY LIFT MOTION")**

EHIM, by and through its co-counsel, Schafer and Weiner, PLLC and Wiggam & Geer, LLC, states in support of its Stay Lift Motion as follows:

## I. *INTRODUCTION*

1.      EHIM seeks lift of the automatic stay to enforce its lien and setoff rights against the $165,000 security deposit securing Beaulieu Group, LLC's ("Debtor") post-petition payment default of no less than $404,714.92.

## II. *JURISDICTION*

2.      The above-captioned debtors and debtors in possession[1] (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code[2] in this Court, which is a proper venue under 28 U.S.C. § 1408.

3.      The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 to consider the Stay Lift Motion, which is a core proceeding under § 157(b)(2)(G).

---

[1] Debtors and debtors in possession in these jointly administered cases are Beaulieu Group, LLC (Case No. 17-41677), Beaulieu Trucking, LLC (17-41680), and Beaulieu of America, Inc. (Case No. 17-41678).
[2] 11 U.S.C. §§ 101, *et seq.*

### III.   BACKGROUND

Parties

4.      EHIM is a Michigan corporation maintaining pharmacy managed care services and a network of licensed pharmacies, which provide prescription drugs and related services.

5.      Debtor is a Georgia limited liability company and employer offering a health plan, which provides prescription drug benefits for certain of its employees and their dependents.

Administrative Services Agreement

6.      On or about January 1, 2013, EHIM and Debtor entered into an "Administrative Services Agreement" ("ASA"), under which EHIM acted as Debtor's claims administrator of its prescription plan to covered employees and family members.  See Exhibit 2 (ASA).[3]

7.      In its role as claims administrator, EHIM processed claims and subsequently invoiced Debtor for the payments it made thereon and its arising costs and fees.

8.      To secure Debtor's payment of such invoices to EHIM, Debtor provided EHIM with a $165,000 cash security deposit, which has remained, and continues to remain, in the possession and control of EHIM ("EHIM's Security Deposit"); EHIM is a secured creditor of Debtor to the extent of EHIM's Security Deposit.

9.      Under the terms of the ASA, "if any fees, claims or costs remain unpaid more than sixteen (16) calendar days after the invoice date, such unpaid fees shall be a charge upon, and paid out of, the Client's prepayment [(EHIM's Security Deposit)] . . . . [O]n the seventeenth (17th) calendar day after the date of the invoice . . . any unpaid fees due under the invoice will be paid from the Client prepayment."  Paragraph 7.2(e).

---

[3] Portions of the ASA not relevant to the Motion are redacted due to proprietary and confidentiality concerns.

10.     In the ASA, Debtor acknowledged that EHIM's Security Deposit may be setoff against EHIM claims in a bankruptcy under 11 U.S.C. § 553, and agreed to not oppose a motion to lift the automatic stay to allow for such setoff.[4]  See ¶ 10.2.

Bankruptcy

11.     Debtors filed the above-captioned chapter 11 bankruptcy on July 16, 2017 ("Petition Date").

12.     On the Petition Date, Debtor owed no less than $370,711.66 to EHIM under the terms of the ASA ("Prepetition Claim").

13.     Also on the Petition Date, Debtors filed *Debtors' Emergency Motion to Authorize Payment of Pre-Petition Wages, Payroll Taxes, Certain Employee Benefits and Related Expenses, and Other Compensation to Employees* (Docket No. 16) ("First-Day Motion") seeking authority to maintain their "Employee Obligations," including those relating to its prescription insurance plan for its employees.  See ¶ 8.

14.     Three days later, the Court entered an order granting the First-Day Motion, and authorized Debtors

> to pay all Employee Obligations that become payable during the pendency of these chapter 11 cases, including that portion of Employee Obligations that had accrued pre-petition, and to continue at this time their practices, programs, and policies with respect to the Employees and Employee Obligations . . .  The Debtors are also authorized . . . to the extent that Debtors subsequently determine that there are any additional outstanding Employee Obligations related to the programs and policies described in the Motion, to pay such pre-petition amounts.  [("First-Day Order")]

Paragraph 2.

---

[4] Admittedly, the ASA addresses prepetition claims, and does not contemplate post-petition claims like those at issue here.

15.     Debtor subsequently carried through its prescription plan coverage and reliance upon EHIM's services as claims administrator in the bankruptcy.

16.     Upon information and belief, and as authorized by the First-Day Order, Debtor subsequently paid off the Prepetition Claim, but in the process incurred more than $404,714.92 in post-petition debt owing to EHIM,[5] which amount exceeds the amount of EHIM's $165,000 Security Deposit.

17.     On October 6, 2017, Debtors filed their *Motion for Entry of an Order (I) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Encumbrances; (II) Granting First Request for Authority to Assume and Assign Executory Contracts and Unexpired Leases and Establishing Cure Costs in Connection therewith; and (III) Granting Related Relief* (Docket No. 297) ("Sale Motion") seeking authorization to sell all or substantially all of their assets and to assume and assign certain executory contracts to the purchaser.

18.     On November 1, 2017, the Court granted the Sale Motion by entering its order (Docket No. 345) that (1) did not include the ASA as one of the executory contracts authorized for assumption and assignment to the purchaser, and (2) clarified that "the security deposit held by EHIM shall not be sold or transferred to the Purchaser and will remain unaffected by the sale contemplated in the Sale Motion, and EHIM shall retain any and all of its rights and interests therein notwithstanding such sale."  Paragraph 45.

19.     On November 5, 2017, at 11:59 p.m., Debtor terminated EHIM's services.

20.     On November 6, 2017, Debtors filed their *First Omnibus Motion Seeking Entry of an Order Authorizing Debtors to Reject Executory Contracts and Unexpired Leases* (Docket No. 361)

---

[5] As of November 5, 2017.

("Motion to Reject") proposing to reject certain executory contracts, including the ASA, effective November 6, 2017, at 12:01 a.m.

21.     In the event that the Court grants the Motion to Reject (which seems inevitable at this point), Debtor will end up leaving no less than $404,714.92 owing to EHIM for rendering its vital post-petition services to Debtor's employees and their families – *with that balance also being overdue and in payment default*.

22.     EHIM accordingly seeks lift of the automatic stay, so that it may at least exercise its rights and remedies with respect to EHIM's Security Deposit, including setoff under § 553(a).[6]

## IV.     LAW

23.     Section 362(a) provides that the filing of a bankruptcy petition "operates as a stay" of "(4) any act to . . . enforce any lien," and "(7) the setoff of any debt owing to the debtor."

24.     The automatic stay does not, however, terminate a creditor's right to enforce its lien and setoff rights.  See, e.g., In re Lair, 235 B.R. 1, 32 (Bankr. M.D. La. 1999) ("the bankruptcy Code should not be interpreted to allow the modification of a state law lien due to strong policy that favors liens passing through bankruptcy unaffected"); MBNA Am. Bank., N.A. v. TWA (In re TWA), 275 B.R. 712, 719-20 (Bankr. D. Del. 2002) ("neither [11 U.S.C.] § 553(a) nor any other provision of the Code eliminates the right to setoff mutual post-petition claims") (citation omitted).

25.     Nevertheless, a creditor must first obtain lift of the automatic stay before it can enforce its lien and setoff rights.  See, e.g., In re Trujillo, 485 B.R. 238, 245 (Bankr. D. Colo. 2012) ("A creditor holding lien rights may enforce its lien, but only after the automatic stay has terminated with respect to the property in question."); IRS v. Norton, 717 F.2d 767, 771 (3d Cir. 1983) ("before a

---

[6] While it does not seek such authorization in this Motion, EHIM will also subsequently seek authorization for the post-petition balance owed to it after application of the Security Deposit to be paid as an administrative expense under 11 U.S.C. § 503(b).

setoff can be made against the debts owed by a petitioner in bankruptcy, a creditor must seek relief

from the automatic stay").

26.    Under § 362(d), stay lift *shall* be granted –

(1)    for cause, including the lack of adequate protection of an interest in property
        of such party in interest; [or]
(2)    . . . if—
        (A)    the debtor does not have an equity in such property; and
        (B)    such property is not necessary to an effective reorganization[.]

(Emphasis added.)

27.    [A] hearing on a motion for relief from stay is meant to be a summary
        proceeding, and the statute requires the bankruptcy court's action to be quick. . . .  The
        limited grounds set forth in the statutory language, read in the context of the overall
        scheme of § 362, and combined with the preliminary, summary nature of the relief
        from stay proceedings, have led most courts to find that *such hearings* do not *involve*
        a full adjudication on the merits of claims, defenses, or counterclaims, but *simply a*
        *determination as to whether a creditor has a colorable claim to property of the estate*.

Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 31-32 (1st Cir. 1994) (citations omitted) (emphasis

added).

## V.    ANALYSIS

28.    Lift of the automatic stay is required here, given that Debtor is in payment default on

the post-petition balance owed to EHIM that is more than double the value of EHIM's Security

Deposit; Debtor just days ago terminated EHIM's services; Debtor is currently seeking to reject the

ASA to coincide with the termination; and EHIM has a colorable claim to EHIM's Security Deposit

in both a lien thereon and setoff right therein.

29.    As made clear in the ASA, Debtor provided EHIM with possession of EHIM's

Security Deposit to secure Debtor's timely payment of EHIM's invoices:  "[I]f any fees, claims or

costs remain unpaid more than sixteen (16) calendar days after the invoice date, such unpaid fees shall

be a charge upon, and paid out of, the Client's prepayment [(EHIM's Security Deposit)] . . . .  [O]n

the seventeenth (17th) calendar day after the date of the invoice . . . any unpaid fees due under the invoice will be paid from the Client prepayment." Paragraph 7.2(e).

30.    EHIM thus has a perfected lien on EHIM's Security Deposit. <u>Cf.</u> <u>In re Atlanta Time, Inc.</u>, 259 F. Supp. 820, 827 (N.D. Ga. 1966) ("Since a security interest in money (. . .) is perfected by possession (. . .), it is not necessary to determine if the security deposit in this case came within the exclusion . . . as being a setoff. The Court concludes that CCC perfected its interest in the Times' security deposit.").

31.    Furthermore, EHIM has "[t]he right of setoff [which] is a common right, which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." <u>In re Whimsy, Inc.</u>, 221 B.R. 69, 72 (S.D.N.Y. 1998) (citations omitted); <u>see also</u> <u>Studley v. Boylston Nat'l Bank of Boston</u>, 229 U.S. 523, 528 (1913) ("The purpose of setoff is to avoid the absurdity of making A pay B when B owes A.") (citation and quotation omitted).[7]

32.    Where a valid right of setoff exists, "a court should enforce the remedy of setoff unless compelling circumstances require the disallowance of a setoff." <u>Whimsy</u>, 221 B.R. at 74 (citation omitted)

33.    Here, no compelling circumstances require the disallowance of the requested right to setoff whatsoever.

---

[7] In the alternative, EHIM's Security Deposit is subject to EHIM's recoupment right –
    The setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim. It involves netting out of debt, and is allowed because it would be inequitable not to allow the defendant to recoup those payments against the debtor's subsequent claim.
<u>Dairy v. Braun</u> (<u>In re Coast Grain Co.</u>), 2006 Bankr. LEXIS 4792, at *32-33 (B.A.P. 9th Cir. 2006) (citations, quotations, and internal punctuation omitted).

34.     Nothing in the facts at hand or applicable law suggests that the Court should disallow EHIM's lien and setoff rights in EHIM's Security Deposit, without which EHIM never would have agreed to render its post-petition services.

35.     To the contrary, the facts, law, and even the equitable nature of this Court call for lifting the automatic stay to allow EHIM to exercise its right to at least recoup the value of EHIM's Security Deposit for continuing its critical post-petition services and maintaining Debtors' value as going concerns, *in spite of* Debtor's ongoing payment default and post-petition amassing of no less than $404,714.92 in debt.

## VI.    CONCLUSION

36.     The foregoing grounds for granting stay lift to EHIM *far* exceeds the minimal threshold for doing so, and, for this reason, the Court should grant the Stay Lift Motion to allow EHIM to enforce its rights and remedies to EHIM's Security Deposit, including setoff under § 553(a).

**WHEREFORE**, EHIM respectfully requests that this Honorable Court enter the order filed herewith as Exhibit 1, and to further grant whatever equitable relief to EHIM that the Court deems appropriate.

Respectfully submitted,

SCHAFER AND WEINER, PLLC                    WIGGAM & GEER, LLC

By: */ s / Daniel J. Weiner*                    By: */ s / Will B. Geer*
DANIEL J. WEINER                              WILL B. GEER
Michigan Bar No. P32010                      Wiggam & Geer, LLC
JEFFERY J. SATTLER                           Georgia Bar No. 940493
Michigan Bar No. P72733                      333 Sandy Springs Circle, NE, Ste. 225
40950 Woodward Ave., Ste. 100                Atlanta, GA 30328
Bloomfield Hills, MI 48304                    (678) 587-8740
(248) 540-3340                               wgeer@wiggamgeer.com

{00706609.4}                                10

dweiner@schaferandweiner.com
jsattler@schaferandweiner.com                    Co-Counsel for EHIM

Co-Counsel for EHIM

Dated:  November 13, 2017

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

In re:

        BEAULIEU GROUP, LLC, *et al.*,

             Debtor.

_____/

Case No. 17-41677
Chapter 11
Hon. Mary Grace Diehl

**ORDER GRANTING
EMPLOYEE HEALTH INSURANCE MANAGEMENT, INC.'S ("EHIM")
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
WITH RESPECT TO EHIM'S SECURITY DEPOSIT
UNDER 11 U.S.C. § 362(d)(1) AND (d)(2) ("STAY LIFT MOTION")**

EHIM having presented its Stay Lift Motion with respect to EHIM's Security Deposit, as defined therein; the Court having reviewed the contents of the Stay Lift Motion and having found that it warranted the granting of same; and the Court otherwise being fully advised in the premises;

**IT IS HEREBY ORDERED** that the automatic stay in these proceedings is hereby terminated and vacated as to EHIM with respect to EHIM's Security Deposit, and that EHIM may exercise its rights and remedies thereto, including setoff under 11 U.S.C. § 553(a), without further action or order of the Court being required; and

**IT IS FURTHER HEREBY ORDERED** that this Order is effective immediately, notwithstanding the provisions of Fed. R. Bankr. P. 4001(a)(3).

## ADMINISTRATIVE SERVICES AGREEMENT

This Agreement is effective on January 1, 2013 (the "Effective Date"), by and between Beaulieu Group, LLC, a Georgia limited liability company, acting on its own behalf and in its capacity as Plan Administrator and/or Plan Fiduciary on behalf of the Plan and with authority to contract on behalf of the Plan (the "Client"), Beaulieu Group, LLC, a Georgia limited liability company acting as Named Fiduciary and Sponsor of the Plan (the "Sponsor"), and EMPLOYEE HEALTH INSURANCE MANAGEMENT, INC., a Michigan corporation ("EHIM") (collectively, the "Parties").



1

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM.*



2

*This document contains confidential and proprietary information that is owned by EHIM.  It is protected by agreement(s) and/or laws that require the recipient to keep it confidential.  Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages.  It may not be disclosed to any third party without the prior consent and written approval from EHIM*



3

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



4

This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM



5

This document contains confidential and proprietary information that is owned by EHIM.  It is protected by agreement(s) and/or laws
that require the recipient to keep it confidential.  Distribution or use without EHIM's approval is not permitted and will entitle EHIM to
equitable relief or damages.  It may not be disclosed to any third party without the prior consent and written approval from EHIM

6

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



7

This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws
that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to
equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM



8

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



9

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



10

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws
that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to
equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



(e)      Notwithstanding the foregoing, if any fees, claims or costs remain unpaid more than sixteen (16) calendar days after the invoice date, such unpaid fees (including any rebilling charges) shall be a charge upon, and paid out of, the Client's prepayment as required by Section 7.1(a).  Accordingly, the Client and Named Fiduciary expressly acknowledge and agree that on the seventeenth (17th) calendar day after the date of the invoice, the Client and Named Fiduciary hereby direct and notify the Plan and/or the Plan's trustee that any unpaid fees due under that invoice will be paid from the Client prepayment required by Section 7.1(a), and the Client and Named Fiduciary hereby authorize such payment.   Nothing in this paragraph relieves the Client of its obligation to pay any unpaid fees in excess of the amount paid out of the Section 7.1(a) Client prepayment pursuant to this paragraph.  If EHIM applies any portion of the Section 7.1(a) Client prepayment to unpaid fees pursuant to this Section, Client agrees to immediately remit to EHIM the amount that was applied, to return the balance of the Section 7.1(a) Client prepayment to the amount held before such application.  If Client fails or refuses to remit this amount within forty-eight (48) hours following the request, EHIM shall have the option to terminate this Agreement at any time with no further notice to Client.

This document contains confidential and proprietary information that is owned by EHIM.  It is protected by agreement(s) and/or laws that require the recipient to keep it confidential.  Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages.  It may not be disclosed to any third party without the prior consent and written approval from EHIM



12

This document contains confidential and proprietary information that is owned by EHIM.  It is protected by agreement(s) and/or laws
that require the recipient to keep it confidential.  Distribution or use without EHIM's approval is not permitted and will entitle EHIM to
equitable relief or damages.  It may not be disclosed to any third party without the prior consent and written approval from EHIM



13

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



14

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



15

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*

## ARTICLE X
## BANKRUPTCY PROCEEDINGS

10.1      Executory Contract.      The Client acknowledges and agrees that this Agreement is an executory contract and shall be governed by the provisions in 11 U.S.C. § 365 of the United States Bankruptcy Code. The Client also agrees that it shall assume or reject this Agreement under 11 U.S.C. § 365 within thirty (30) calendar days after the filing of the bankruptcy petition by filing the necessary documents with the bankruptcy court.  The Client shall also timely perform all of its obligations under this Agreement, arising from and after the filing of the bankruptcy petition, until this Agreement is assumed or rejected.  If the Client fails to do any of the above requirements, the Client consents to (and shall not oppose) an expedited hearing on the above issues.

10.2      Right to Set Off.      The Client acknowledges and agrees that any retainer of the Client that EHIM has in its possession that was acquired prior to the filing of the bankruptcy petition may be set off against any pre-petition claim of EHIM pursuant to 11 U.S.C. § 553.  EHIM may set off its pre-petition claim against the retainer immediately after the filing of the Client's bankruptcy petition.  The Client also agrees to consent to (and not oppose) an expedited hearing seeking to lift the automatic stay (if necessary) to allow EHIM to set off its pre-petition claim against the retainer.

10.3      Priority Claim.      The Client acknowledges and agrees that any payments due and owing to EHIM under this Agreement are considered contributions to an employee benefit plan and are entitled to a priority claim status under 11 U.S.C. § 507(a)(4).

10.4      Necessary Pre-Petition Claims.      The Client acknowledges and agrees that any pre-petition obligations owing under this Agreement to EHIM are necessary for the Client to continue to operate in a proceeding under Chapter 11 of the Bankruptcy Code.  The Client shall seek immediate Court authority to allow payment of EHIM's pre-petition claims under the necessity of payment doctrine and shall include these claims to be paid in any of its budgets attached to motions for the use of cash collateral or authority to obtain post-petition financing.

This document contains confidential and proprietary information that is owned by EHIM.  It is protected by agreement(s) and/or laws that require the recipient to keep it confidential.  Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages.  It may not be disclosed to any third party without the prior consent and written approval from EHIM



17

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



18
*This document contains confidential and proprietary information that is owned by EHIM.  It is protected by agreement(s) and/or laws that require the recipient to keep it confidential.  Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages.  It may not be disclosed to any third party without the prior consent and written approval from EHIM*

Employee Health Insurance Management, Inc.

By: _____

Print Name:  Mindi K. Fynke

Title:  President

Date:  5/30/13

Sponsor and Named Fiduciary, Beaulieu Group, LLC

By: _____

Print Name: _____

Client, Beaulieu Group, LLC

By: _____

Print Name: _____

Title:  VP, CFO + CAO

Date:  5/24/13

Title:  VP, CFO + CAO

Date:  5/24/13

*Revised September 20, 2010*

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



21

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



22

*This document contains confidential and proprietary information that is owned by EHIM. It is protected by agreement(s) and/or laws that require the recipient to keep it confidential. Distribution or use without EHIM's approval is not permitted and will entitle EHIM to equitable relief or damages. It may not be disclosed to any third party without the prior consent and written approval from EHIM*



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

In re:

      BEAULIEU GROUP, LLC, *et al.*,

          Debtor.

_____/

Case No. 17-41677
Chapter 11
Hon. Mary Grace Diehl

**CERTIFICATE OF SERVICE OF**
**EMPLOYEE HEALTH INSURANCE MANAGEMENT, INC.'S ("EHIM")**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**WITH RESPECT TO EHIM'S SECURITY DEPOSIT**
**UNDER 11 U.S.C. § 362(d)(1) AND (d)(2) ("STAY LIFT MOTION")**

I hereby certify that on this 13th day of November 2017, EHIM's Stay Lift Motion was filed with the Court's electronic case filing and noticing system and served on all parties registered to receive electronic notices in this matter.

Dated: November 13, 2017

      */ s / Will B. Geer*
      WILL B. GEER
      Georgia Bar No. 940493
      Wiggam & Geer, LLC
      333 Sandy Springs Circle, NE, Ste. 225
      Atlanta, GA 30328
      (678) 587-8740
      wgeer@wiggamgeer.com

      Co-Counsel for EHIM

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE:  Beaulieu Group, LLC, et al.

CASE NO: 17-41677

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11
ECF Docket Reference No.
Judge:
Hearing Location:
Hearing Date:
Hearing Time:
Response Date:

On 11/13/2017, I did cause a copy of the following documents, described below,

EMPLOYEE HEALTH INSURANCE MANAGEMENT, INC.'S ("EHIM") MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO EHIM'S SECURITY DEPOSIT UNDER 11 U.S.C. § 362(d)(1) AND (d)(2) and Notice of Hearing ,

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically witih the documents described herein per the ECF/PACER system.

DATED: 11/13/2017

/s/ Will B. Geer
Will B. Geer  940493
Wiggam & Geer, LLC
333 Sandy Springs Circle, NE, Suite 225
Atlanta, GA  30328
678 587 8740
wgeer@wiggamgeer.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE:  Beaulieu Group, LLC, et al.

CASE NO: 17-41677

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11
ECF Docket Reference No.
Judge:
Hearing Location:
Hearing Date:
Hearing Time:
Response Date:

On 11/13/2017, a copy of the following documents, described below,

EMPLOYEE HEALTH INSURANCE MANAGEMENT, INC.'S ("EHIM") MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH
RESPECT TO EHIM'S SECURITY DEPOSIT UNDER 11 U.S.C. § 362(d)(1) AND (d)(2) and Notice of Hearing ,

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient
postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth
herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced
document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is
true and correct to the best of my knowledge, information, and belief.

DATED: 11/13/2017

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Wiggam & Geer, LLC
Will B. Geer
333 Sandy Springs Circle, NE, Suite 225
Atlanta, GA  30328

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL SERVICE
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SENT NOTICE AND/OR RECEIPT OF ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

1 BEAULIEU GROUP LLC
BEAULIEU OF AMERICA INC.
BEAULIEU TRUCKING LLC
1502 CORONET DRIVE DALTON GA 30722

2 J. ROBERT WILLIAMSON J. HAYDEN
KEPNER JR.
ASHLEY REYNOLDS RAY MATTHEW W. LEVIN
SCROGGINS & WILLIAMSON P.C.
4401 NORTHSIDE PARKWAY
ONE RIVERSIDE SUITE 450
ATLANTA GA 30327

3 OFFICE OF THE UNITED STATES TRUSTEE
362 RICHARD RUSSELL FEDERAL BLDG.
75 TED TURNER DRIVE SW
ATLANTA GEORGIA 30303

4 OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
C/O JOHN F. ISBELL GARRETT A. NAIL
THOMPSON HINE LLP
3560 LENOX ROAD
SUITE 1600 TWO ALLIANCE CENTER
ATLANTA GA 30326

5 OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
C/O PAUL J. LABOV
FOX ROTHSCHILD LLP
101 PARK AVENUE SUITE 1700
NEW YORK NY 10178

6 JASON C. MANFREY
MICHAEL G. MENKOWITZ
FOX ROTHSCHILD LLP
2000 MARKET STREET 20TH FLOOR
PHILADELPHIA PA 19103-3222

7 AMERICAN LEGAL CLAIM SERVICES LLC
5985 RICHARD STREET SUITE 3
JACKSONVILLE FL 32216

8 PETER ARGIRIOU
BASF
100 PARK AVENUE
FLORHAM PARK NJ 07932

9 COLIN DUNN
SYNTEC INDUSTRIES LLC
438 LAVENDER DRIVE
ROME GA 30165

10 BRAUN'S EXPRESS
CYNTHIA NORMANDIN
10 TANDEM WAY
HOPEDALE MA 01747

11 BRIAN GOBLE
SOLUTION DYED TECHNOLOGIES
P.O. BOX 1770
DALTON GA 30722

12 WILLIAM SMITH
U.S. FLOORS INC.
3580 CORPORATE DRIVE
DALTON GA 30721

13 ALANNA NELSON
ART GUILD INC.
300 WOLF DRIVE
WEST DEPTFORD NJ 08086

14 BRIAN MITTELDORF AS AGENT FOR
ZHEJIANG
KINGDOM PLASTICS
C/O CREDITORS ADJUSTMENT BUREAU
14226 VENTURA BOULEVARD
SHERMAN OAKS CA 91423

15 AMERICAN LEGAL CLAIMS LLC
5985 RICHARD ST.
SUITE 3
JACKSONVILLE FL 32216