


**IT IS ORDERED as set forth below:**

**Date: December 8, 2017**

Mary Grace Diehl

**Mary Grace Diehl**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER<br>Jointly Administered Under |
| **BEAULIEU GROUP, LLC, et al.,** | **17-41677-MGD** |
| Debtor. | CHAPTER 11 |

**<u>ORDER ON MOTION TO ENFORCE ORDER AUTHORIZING DEBTORS TO ASSUME EXECUTORY CONTRACT AS MODIFIED BY AGREEMENT OF THE PARTIES</u>**

This matter comes before the Court on Debtor's *Motion to Enforce Order Authorizing Debtors to Assume Executory Contract as Modified by Agreement of the Parties*, filed on October 13, 2017 (the "Motion"). (Docket No. 310). *Aladdin Manufacturing of Alabama, LLC's Response in Opposition to Debtor's Motion to Enforce Order Authorizing Debtors to Assume Executory Contract as Modified by Agreement of the Parties* was filed by Aladdin Manufacturing of Alabama, LLC and Mohawk Industries, Inc. ("Mohawk") on October 25, 2017 (the "Response"). (Docket No. 327). Additionally, *The Unsecured Creditor Committee's Joinder and Support for Debtor's Motion to Enforce Order Authorizing Debtors to Assume Executory*

*Contract as Modified by Agreement of the Parties* was filed by the Official Committee of Unsecured Creditors (the "Committee") on October 27, 2017. (Docket No. 341).

At issue in the Motion is the "reasonable value" of eighty-five (85) Sulzer Model P7100 looms and the associated take up and beams from the Debtors' facility in Bridgeport, Alabama (the "Bridgeport Looms") that the Debtors had transferred to Mohawk in partial satisfaction of the cure costs for assuming an executory contract between the Debtors and Mohawk. *See Order Granting Motion Seeking Entry of an Order Authorizing Debtors to Assume Executory Contracts as Modified by Agreement of the Parties, Fix Certain Rights of the Parties, and Granting Related Relief* (the "Assumption Order") (entered on August 18, 2017, Docket No. 206). Pursuant to the Assumption Order, if the Debtors found a purchaser for all the assets of the Debtors, and that purchaser wanted to also purchase the Bridgeport Looms, then

> Mohawk and the Debtors shall negotiate in good faith in an effort to reach agreement on (a) other equipment of the Debtors of roughly equal value which could be transferred to Mohawk as an acceptable substitute for the Beaulieu Bridgeport Looms (as determined by Mohawk in an exercise of its reasonable business judgment), or (b) a mutually agreeable amount representing the reasonable value of the Beaulieu Bridgeport Looms which could be paid to Mohawk by the Debtors as consideration for the Debtors retaining the Beaulieu Bridgeport Looms[.]"

Assumption Order at *4, ¶ 7. The Debtors are now seeking direction from the Court that a payment of $510,000 satisfied Debtors' obligation under the Assumption Order. *See* the Response at *3. Mohawk asserts that the Debtors' obligation would be satisfied by a payment of $2,337,500. *See* the Response at *3.

The Motion was first scheduled for a hearing by the Court on October 30, 2017, at 10:00 a.m., but the parties agreed to a *Consent Order Regarding Motion to Enforce Order*, entered on

October 31, 2017 (the "Prior Order"). (Docket No. 346). Pursuant to the Prior Order, (i) the Debtors placed $2,500,000 from the net proceeds of the sale of the Debtors' assets into an escrow account held by the Debtors' Counsel (the "Escrow Account"), (ii) an evidentiary hearing on the Motion was scheduled for December 5, 2017 (the "Hearing"), and (iii) at the Hearing, the Court would make a determination of the term 'reasonable value' as the parties intended when drafting the Assumption Order.

At the Hearing, counsel for the Debtors and counsel for the Committee appeared in support of the Motion, and counsel for Mohawk appeared in opposition. The Debtors offered the testimony of the following witnesses for either direct or cross examination in support of its case: Joseph H. Faircloth, Senior Vice President of Manufacturing for North America Flooring, Mohawk Industries, Inc.; Christopher Craig, Director of Manufacturing for a division of Mohawk; Peter J. Richter, Managing Director in the Restructuring and Investment Banking Practice of the Armory Group and also the Chief Restructuring Officer of the Debtors; and Douglas H. Diamond as an expert appraiser. In addition to the direct or cross examination of the witnesses described above, Mohawk called to testify its own expert appraiser, Jackson R. Coker, Sr. The following documents were also admitted into evidence: Debtors' Exhibits 1, 4, 7, 12, 14, 15, 16, & 17; the Committee's Exhibit 1; and Mohawk's Exhibits 1, 2, 3, 4, 5, 11, 12, 13, 15, 17, & 18.

After review of the Motion and related pleadings, the Docket in this case, the testimony and evidence presented and the arguments made at the Hearing, the Court announced its Findings of Fact and Conclusions of Law orally on the record, which are incorporated herein under Federal Rule of Bankruptcy Procedure 7052, adopting Federal Rule of Civil Procedure 52, as applicable herein through Federal Rule of Bankruptcy Procedure 9014(c).

The Court found that the term "reasonable value" as used in the Assumption Order by Mohawk reflected the value attributed to the Bridgeport Looms by Mohawk in connection with its decision to consider the cure amount referenced in the Assumption Order satisfied. The parties did not use the terms "fair market value"; "fair value"; or "liquidation value" and the evidence tendered as to those values cannot reflect the intent of the parties. The Assumption Order speaks of "roughly equivalent value" when referring to the substitution of equipment in lieu of the Bridgeport Looms and therefore the Court believes that the value assessment made by Mohawk and entered on its books and records to be the amount contemplated by the parties when agreeing to the terms of the Assumption Order. That amount, as testified to by Joseph H. Faircloth and shown in Debtors' Exhibit 4, was $20,000 for each of the Bridgeport Looms. Therefore, it is

**ORDERED** that the reasonable value of each Bridgeport Loom is $20,000, and therefore the aggregate value of the Bridgeport Looms is $1,700,000. It is further

**ORDERED** the funds for the $1,700,000 payment to Mohawk shall be deducted from the Escrow Account held by the Debtors' counsel, as is set forth in the Prior Order. This payment shall be separate and apart from the Debtors' authorized use of cash collateral.

The Clerk is directed to serve a copy of this Order upon Debtors, counsel for the Debtors, Mohawk, counsel for Mohawk, counsel for the Committee, and the Acting United States Trustee.

**[END OF DOCUMENT]**